IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

SANDRA HUCKABY WATTERS )
)
v. ) No. 1:14-0096
)
CAROLYN W. COLVIN, )
    Acting Commissioner of )
    Social Security )

To: The Honorable William J. Haynes, Senior District Judge

# REPORT AND RECOMMENDATION

**I.**

Currently pending in this Social Security appeal is Defendant's motion to dismiss for lack of subject matter jurisdiction (Docket Entry No. 10).[1] Defendant has filed an accompanying memorandum in support of its motion (DE 11), to which Plaintiff has filed a response (DE 13). Defendant subsequently filed a reply (DE 15). For the reasons that follow, the Court recommends that Defendant's motion be **DENIED**.

**II.**

Plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("Commissioner") denying Plaintiff's application for benefits as provided under Title II and Title XVI of the Social Security Act. On May 24, 2014, the Appeals Council denied Plaintiff's request for review of the Administrative Law Judge's unfavorable decision. DE 11 at 3. In order to have filed timely, Plaintiff must have filed her complaint "within sixty days after the mailing to [her] of notice" of

---

[1] All filings are hereinafter referenced by the abbreviation "DE" followed by the corresponding docket entry number and page number(s) where appropriate.

the final decision on her claim to benefits. 42 U.S.C. § 405(g). The Commissioner of Social Security has interpreted "mailing" to mean the date a claimant receives the Appeals Council's notice of denial of request for review of the ALJ's decision. *See* 20 C.F.R. § 404.981. The date of receipt of this final notice is presumed to be five days after the date on the notice, unless there is a reasonable showing to the contrary. 20 C.F.R. § 404.901 and 422.210(c).

It is undisputed that the notice of the Appeals Council's decision in Plaintiff's case was dated May 24, 2014. Therefore, Plaintiff is presumed to have received this notice five days later, on May 29, 2014, and the 60-day limitations period would run from that date, resulting in a July 28, 2014 deadline for timely filing of the complaint in this court. Based on the operation of this presumption, Defendant argues that Plaintiff's filing of her complaint on July 30, 2014 is untimely, warranting its dismissal for lack of subject matter jurisdiction.

However, in response to Defendant's motion, Plaintiff has come forward with the envelope in which the Appeals Council's decision was mailed, bearing the internal identifier "SSA0001E" and postmarked as "US Official Mail" on the date "05/30/2014" (DE 13-3). Plaintiff has also offered evidence that the notice was actually received on June 2, 2014 (DE 13-1 at 2).

When faced with proof of a date of mailing that differs from the date on the face of the notice, the Sixth Circuit has "consistently calculated the filing period from the date on the notice itself." *Cook v Comm'r of Soc. Sec.,* 480 F.3d 432, 437 (6th Cir. 2007) (*citing, e.g. McKentry v. Sec'y of Health & Human Servs.*, 655 F.2d 721, 724 (6th Cir. 1981)). However, when a claimant shows that the notice was not mailed until more than five days after the date printed on its face, the claimant has made "reasonable showings" to rebut the five-day presumption, because there is no way for the claimant to have received the notice within the five-day grace period. *Id*. at 436-437 (*citing Matsibekker v. Heckler,* 738 F.2d 79, 81 (2d Cir.1984)).

Plaintiff relies on the Second Circuit's decision in *Matsibekker*, which is factually similar to the instant case. *See Matsibekker*, 738 F.2d at 81 (Plaintiff's showing that notice of decision was not mailed until seven days after the notice was issued constituted a "reasonable showing to the contrary."). In *Matsibekker*, the Second Circuit also noted that despite such a showing, the government could have attempted to prove that the claimant received actual notice more than sixty days prior to filing his complaint, thus making the complaint untimely, yet failed to do so. *Id.* The Court finds the Second Circuit's reasoning in *Matsibekker* highly persuasive.

The instant case presents the specific situation highlighted by the *Cook* and *Matsibekker* courts – Plaintiff has produced evidence that the Appeals Council notice was mailed more than five days after the date on the face of the notice, and has thus succeeded in rebutting the presumption of receipt within five days. Plaintiff has also produced evidence that actual notice of the Appeals Council's decision was received on June 2, 2014. DE 13 at 1; DE 13-2 at 1. Likely owing to the fact that May 24, 2014 – the date on the face of the Appeals Council notice – fell on a Saturday with Memorial Day the following Monday, the notice was apparently not mailed until six days later, on May 30, 2014, and was not received until June 2, 2014. Accordingly, the filing of Plaintiff's complaint on July 30, 2014 was timely.[2]

---

[2] Defendant argues in her reply that the postmark date on the envelope produced by Plaintiff is irrelevant because it is the date on which the notice was mailed to Plaintiff that controls. DE 15. Notably, Defendant does not dispute that the postmark date is correct. Rather, Defendant implies that the notice was sent on May 24, 2014 to Plaintiff and on May 30, 2014 to Plaintiff's attorney, even though the declaration offered by Defendant suggests that the notices were sent on the same date (albeit May 24, 2014). *See* DE 12 at 3 (Declaration of Patrick J. Herbst at ¶ 3(a)). The Court finds that an actual postmarked envelope is more reliable evidence than the recollection of a declarant about a mailing date. Additionally, it defies common sense that the notice would have been mailed to Plaintiff on one date, but not mailed to her attorney of record whose name and address are recited in the notice until six days later.

## RECOMMENDATION

Based on the foregoing, the Magistrate Judge respectfully recommends that Defendant's motion to dismiss (DE 10) be DENIED.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation, and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file specific written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Cowherd v. Milton*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge